```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

BARBARA JEAN BURGHER,            )
                                 )
     Plaintiff,                  )    Civil Case No.
                                 )    5:14-cv-10-JMH
v.                               )
                                 )
VERIZON SOUTH, INC.,             )    **MEMORANDUM OPINION**
et al.,                          )        **AND ORDER**
                                 )
     Defendants.                 )

                              ***

Plaintiff Barbara Jean Burgher seeks review of the denial of death benefits under a group life insurance policy. Burgher and Defendants Verizon South, Inc. and Verizon Communications Inc. have filed motions for judgment.[1] [D.E. 18, 24]. This matter being full briefed,[2] and the Court being otherwise sufficiently advised, this matter is ripe for review.

---

[1] A "Motion for Judgment" is the proper procedural method for relief in an appeal of the denial of benefits under ERISA. *See Wilkins v. Metro. Life Ins. Co.*, 150 F.3d 609, 619 (6th Cir. 1998).

[2] Plaintiff filed an untimely reply to Defendants' Motion for Judgment on August 13, 2014. [D.E. 25]. After removal, Plaintiff failed to challenge that her claim arose under ERISA. Accordingly, the Court entered a standard ERISA scheduling order and gave Plaintiff 15 days to file a reply to Defendants' Motion for Judgment. [D.E. 10]. Plaintiff's "response" was filed 21 days after Defendants' Motion for Judgment. [D.E. 24, 25]. Despite Plaintiff's untimely filing, the Court has considered the arguments therein.

**I. Procedural History**

James R. Burgher was enrolled in benefits through his employment with General Telephone and Electric ("GTE"), which is now owned by Defendant Verizon Communications Inc. On February 7, 1994, James Burgher was sent a letter indicating that his life insurance coverage had stopped due to non-payment of premium. [D.E. 14-1 at 6]. James Burgher died on August 31, 1999. On September 2, 1999, a letter from the GTE Benefits Center was sent to Kelli Stone, James Burgher's daughter, indicating that, due to her father's death, Stone should call the GTE Benefits Center for further information. [D.E. 14-1 at 7-8]. On September 14, 1999, Kirke Van Orsdel sent a letter to William M. Burgher, James Burgher's son, indicating that a claim under the Group Universal Life plan could not be filed because James Burgher's life insurance coverage had lapsed. [D.E. 14-1 at 9]. Later, on March 13, 2000, the GTE Benefits Center sent another letter to Kelli Stone informing her that GTE had been unable to close out the unpaid life insurance claim for James Burgher. [D.E. 14-1 at 10]. A similar letter was sent on August 22, 2000. [D.E. 14-1 at 11].

James Burgher's application for Group Life Insurance named Plaintiff Barbara J. Burgher as the first beneficiary. [D.E. 14-1 at 4]. Kelli Stone filed an affidavit swearing that she was contacted by the GTE Benefits Center and informed that Plaintiff

Barbara J. Burgher was entitled to insurance proceeds. [D.E. 18-1 at 1]. Kelli Stone further swore that she could not contact Plaintiff about the benefits until 2013. [D.E. 18-1 at 1]. Similarly, Plaintiff swore in an affidavit that she was contacted by Kelli Stone regarding life insurance benefits in 2013. [D.E. 18-2 at 1]. Plaintiff stated that she contacted Verizon and was told Verizon would attempt to recover documents regarding the claim. [D.E. 18-2 at 1]. However, Verizon was unable to recover any documents and Plaintiff filed suit. [D.E. 18-2 at 1].

Plaintiff filed her complaint in Fayette Circuit Court on December 12, 2013, alleging breach of contract by Defendants Verizon South, Inc., Verizon Communications Inc., and Marsh & McClennan Agency LLC. [D.E. 1-1 at 4-6]. The complaint alleged that Plaintiff was the beneficiary of a life insurance policy related to her late ex-husband, provided by her ex-husband's employer, GTE, now owned by Defendant Verizon Communications. On January 9, 2014, Defendants removed the action to this Court on the basis of federal question jurisdiction. Defendants allege that the life insurance policy is an employee welfare benefit plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), and, therefore, Plaintiff's state law claim is preempted by federal law.

Defendant Marsh & McClennan Agency LLC filed a Motion to Dismiss, [D.E. 19], alleging that Plaintiff had failed to plead the existence of a contract with Defendant Marsh & McClennan. On July 7, 2014, after Plaintiff failed to file a response, the Court granted Defendant's motion. [D.E. 23]. Plaintiff and Defendants have now filed motions for judgment.

**II. Standard of Review**

This action is governed by ERISA's civil enforcement system, 29 U.S.C. § 1132(a)(1)(B). "A *de novo* standard of review applies to decisions by plan administrators unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 710-11 (6th Cir. 2000) (citations omitted) (internal quotation marks omitted). "[W]here [a] plan clearly confers discretion upon the administrator to determine eligibility or construe the plan's provisions, the determination is reviewed under the 'arbitrary and capricious' standard." *Id.* at 711 (citing *Wells v. U.S. Steel & Carnegie Pension Fund, Inc.*, 950 F.2d 1244, 1248 (6th Cir. 1991)). Where a plan gives discretion to an administrator operating under a conflict of interest, that conflict is weighed as a factor in deciding whether the administrator's decision was arbitrary and capricious. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008). A conflict of

interest exists where a plan administrator "both evaluates claims for benefits and pays benefits claims." *Id*. at 112.

"[T]he arbitrary and capricious standard is the least demanding form of judicial review of administrative action." *Williams v. Int'l Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000) (citations omitted). The Court "must decide whether the plan administrator's decision was 'rational in light of the plan's provisions.'" *Id.* (quoting *Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir. 1988)). "'[W]hen it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious.'" *Id.* (quoting *Davis v. Ky. Fin. Cos. Ret. Plan*, 887 F.2d 689, 693 (6th Cir. 1989)). In reviewing the administrator's decision, the Court may only consider evidence available to the plan administrator at the time the final decision was made. *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997) (quoting *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 381 (6th Cir. 1996)). With these principles in mind, the Court will review Plaintiff's arguments.

## III. Analysis

Defendants removed this action on the basis of federal question jurisdiction, arguing that Plaintiff's claim is preempted by ERISA. At no time has Plaintiff argued that her

claim is not preempted by ERISA. Furthermore, the Court agrees that Plaintiff's claim is governed by ERISA.

"ERISA preempts state law and state law claims that 'relate to' any employee benefit plan as that term is defined therein. . . . The phrase 'relate to' is given broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'" *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991). ERISA applies to all "employee benefit plan[s]" that meet certain requirements. 29 U.S.C. § 1003(a). An "employee welfare benefit plan" is

> any plan, fund, or program which has heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of . . . death. . . .

29 U.S.C. § 1002(1). Thus, the life insurance policy at issue is an employee welfare benefit plan covered by ERISA, and Plaintiff's state law claim is preempted by ERISA.

Plaintiff's motion for judgment simply claims that benefits are due and makes unsupported assertions that Defendants have provided incomplete documentation. Defendants argue that judgment should be granted in their favor because the statute of limitations has run, that the Court should apply the equitable doctrine of laches, that Plaintiff has sued the improper party,

and that the claims must be dismissed because the insurance policy lapsed. Plaintiff filed an untimely reply arguing that the claim is not barred by the statute of limitations, that laches does not apply, and that the policy did not lapse. Plaintiff failed to address whether Defendants were the proper parties for suit.

**1. The applicable statute of limitations does not bar Plaintiff's claim.**

Defendants first argue that Plaintiff's claim is barred by the applicable statute of limitations. "Although ERISA does not provide a statute of limitations for benefit claims, [the Sixth Circuit] has noted that such claims are governed by the most analogous state statute of limitations." *Santino v. Provident Life & Accident Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001) (citations omitted). Defendants argue that the appropriate statute of limitations under Kentucky law is KRS 413.120(2). KRS 413.120(2) provides a five-year statute of limitations for "an action upon a liability created by statute, when no other time is fixed by the statute creating the liability." KRS 413.120(2).

Several federal courts have held that KRS 413.120(2), rather than the fifteen-year statute of limitations for written contracts is applicable to a claim for benefits under ERISA. *Redmon v. Sud-Chemie Inc. Ret. Plan for Union Emps.*, 547 F.3d 531, 535-38 (6th Cir. 2008) (reasoning that Kentucky's statute

7

of limitations for statutory liability was more analogous to a claim under ERISA than the statute of limitations on a written contract); *Fallin v. Commonwealth Indus., Inc. Cash Balance Plan*, 521 F. Supp. 2d 592, 595-96 (W.D. Ky. 2007) (applying KRS 413.120(2) to a claim under ERISA). Although *Redmon* and *Fallin* involved a challenge to an amendment to the benefit plan, the reasoning of these cases applies equally here.

> The Sixth Circuit found the five-year statute of limitation applies when a plaintiff seeks 'benefits under the plan' and those claims depend on 'alleged violations of ERISA's statutory protections.' . . . This holding establishes the Sixth Circuit's view that when a plaintiff seeks benefits under a plan, the plaintiff's complaint arises more specifically from ERISA's statutory protections than from an independent promise or contract and, as a result, the 'most analogous state law statute of limitations' is KRS § 413.120 where liability is created by statute (rather than KRS § 413.090).

*Clemons v. Norton Healthcare, Inc. Ret. Plan*, No. 3:08-cv-69-TBR, 2013 WL 5437646, at *3 (W.D. Ky. Sept. 27, 2013) (quoting *Fallin*, 695 F.3d at 512)). Kentucky's five-year statute of limitations, KRS 413.120(2), which specifically applies to a liability created by statute, is the most analogous state statute for the purposes of ERISA. *See Adkins v. Johnson*, No. 2006-CA-8-MR, 2006 WL 3759549, at *2 (Ky. Ct. App. Dec. 22, 2006) ("[W]e conclude that the five-year statute of limitations found in KRS 413.120(2) only applies where a statute creates a new theory of liability unknown at common law."). Accordingly,

Plaintiff had five years to file suit after her cause of action accrued.

The applicable statute of limitations does not bar Plaintiff's claim. "When an ERISA claim is governed by a state statute of limitations, the cause of action accrues, for limitations purposes, when the plan administrator formally denies the claim for benefits, unless there was a 'repudiation by the fiduciary which is clear and made known to the beneficiary.'" *Wilkins v. Hartford Life & Accident Ins. Co.*, 299 F.3d 945, 948-49 (8th Cir. 2002); *see also Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 302-03 (6th Cir. 2006) (following the clear repudiation rule as described in *Wilkins*). Plaintiff contends she only learned of the life insurance policy and her entitlement to benefits on August 28, 2013. [D.E. 1-1 at 5]. Defendants have not provided any evidence to rebut this assertion. Defendants have presented no evidence that Plaintiff's claim to benefits was denied, formally or otherwise, prior to 2013. While neither party has provided evidence of a formal denial, a denial of benefits could only have been made after Plaintiff learned she was a beneficiary. Accordingly, Plaintiff's claim accrued, at the earliest, on August 28, 2013. Therefore, Plaintiff filed her claim within the five-year statute of limitations provided by KRS 413.120(2).

**2. The equitable doctrine of laches does not apply.**

Defendants argue that Plaintiff's complaint should be dismissed under the equitable doctrine of laches. "Laches is a negligent and unintentional failure to protect one's rights." *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991). "Laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *United States v. Weintraub*, 613 F.2d 612, 619 (6th Cir. 1979) (quoting *Costello v. United States*, 365 U.S. 265, 282 (1961)).

"[I]n [the Sixth] Circuit there is a strong presumption that a plaintiff's delay is reasonable so long as the analogous statute of limitations has not elapsed." *Elvis Presley Enters., Inc.*, 936 F.2d at 894. The statute of limitations has not elapsed, and, therefore, there is a presumption that any delay is reasonable. Plaintiff filed her claim within four months of learning she was a beneficiary and Defendants have not provided any explanation as to why this was unreasonable. Thus, Defendants have failed to overcome the presumption. Furthermore, even without the presumption, Plaintiff exhibited little to no delay in filing her claim for benefits after learning she was a beneficiary. Accordingly, the Court finds that the equitable doctrine of laches does not bar Plaintiff's claim.

### 3. Plaintiff has failed to establish that Defendants, the employer, controlled administration of the benefit plan. Thus, Plaintiff brought her claim against the improper parties.

Defendants next argue that Plaintiff's claim should be dismissed because Plaintiff sued the incorrect party. Defendants argue that the insurance provider, Metropolitan Life Insurance Company, rather than the employee sponsor of the plan, is the correct party. The Court agrees that Metropolitan Life is the correct party for suit.

"Unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988) (citations omitted); *see also Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006) ("It was Lafayette who made a decision with respect to Plaintiff's benefits, not MTA. Lafayette, and not MTA, is therefore the proper party defendant for a denial of benefits claim by Plaintiff." (citations omitted)). Defendants contend that Metropolitan Life was the correct party for suit, and Plaintiff has not provided any evidence that Defendants controlled administration of the plan. Without a showing that Defendants controlled administration of the plan, the Court cannot find that they are proper parties to suit. Accordingly, the claim against Defendants must be dismissed.

**4. Plaintiff's claim must be dismissed because James R. Burgher's life insurance policy had lapsed at the time of his death.**

Finally, Defendants argue that, even if they could be held liable on the insurance policy, the policy lapsed. The Court agrees that, even if Plaintiff could show Defendants controlled administration of the plan, the relevant insurance policy was not in effect at the time of James Burgher's death.

While there is little in the administrative record, the records that were provided show the life insurance policy on James Burgher had lapsed. On February 7, 1994, a letter from Johnson & Higgins/Kirke-Van Orsdel, Inc. was sent to James Burgher informing him that his certificate under the GTE Group Universal Life Program had "lapsed effective November 1, 1993, due to non-payment of premium." [D.E. 14-1 at 6]. On September 14, 1999, Kirke Van Orsdel sent a letter to William M. Burgher, James Burgher's son, informing him that they could not file a claim for benefits under the Group Universal Life plan because "[c]overage for James Burgher lapsed effective November 1, 1993 due to non-payment of premium." [D.E. 14-1 at 9].

Plaintiff has provided an affidavit from Kelli Stone, James Burgher's daughter, swearing that Stone paid all of James Burgher's bills and that on August 31, 1999 she paid the GTE Plan for Group Insurance premium. [D.E. 18-1 at 1]. Further, Plaintiff has attached a copy of the check made to the GTE Plan,

purportedly for life insurance. [D.E. 18-1 at 3]. However, the check submitted to the Court is actually dated August 31, 1991, not August 31, 1999. [D.E. 18-1 at 3]. Thus, even if this check was for life insurance, it is dated prior to lapse of the insurance policy. Additionally, the Declaration of Dennis Thumann, the Manager of Verizon Communications Inc.'s Benefits Administration contends that, if the payment was made in 1999, it was likely for health insurance coverage, not life insurance. [D.E. 24-2 at 3-4].

Based upon all the evidence, and because the check submitted to the Court was dated August 31, 1991, before James Burgher was sent a notice of lapse, [D.E. 14-1 at 6], the Court finds that James Burgher's life insurance policy had lapsed at the time of his death. Accordingly, Plaintiff's claim must be dismissed because Plaintiff has failed to show there was an active life insurance policy in place at the time of James Burgher's death.

## IV. Conclusion

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Judgment [D.E. 18] be, and the same hereby is, **DENIED**;

(2) that the Motion for Judgment [D.E. 24] filed by Defendants Verizon South, Inc. and Verizon Communications Inc. be, and the same hereby is, **GRANTED**.

13

This the 15th day of August, 2014.

 Signed By:
*Joseph M. Hood*
Senior U.S. District Judge